# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

CITY OF ROME, GEORGIA, *et al.*,

      Plaintiffs,

      v.

HOTELS.COM, L.P., *et al.*,

      Defendants.

Civil Action  4:05-CV-249 (HLM)

## OBJECTION BY DEFENDANTS EXPEDIA, INC., HOTWIRE, INC., HOTELS.COM, L.P., HOTELS.COM GP, LLC AND TRAVELNOW.COM, INC. TO PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION

PURSUANT TO Paragraph 3(a) of the Discovery Sharing Protocol adopted by this Court (the "Protocol"), Defendants Expedia, Inc., Hotwire, Inc., Hotels.com LP, Hotels.com GP, LLC and Travelnow.com, Inc. (collectively, the "Expedia Defendants") hereby file their written objection (the "Objection") to "Plaintiffs' 30(b)(6) Notice of Deposition of a Corporate Representative of Expedia, Inc., Hotwire, Inc., Hotels.com LP, Hotels.com GP, LLC and Travelnow.com, Inc.," served via U.S. mail on October 28, 2009 (the "Notice").  (Ex. 1).

## GENERAL OBJECTIONS

The Expedia Defendants assert the following General Objections.  Each individual Specific Objection is subject to, and limited in accordance with, the

following General Objections, which are incorporated therein as if fully set forth and are not waived, or in any way limited by, the Specific Objections. Although the Expedia Defendants provide examples of objectionable deposition topics, many such topics are objectionable on multiple grounds. The Expedia Defendants' failure to repeat any part of their General Objections shall not be construed as a waiver of their objections.

1.     The Expedia Defendants object to the Notice, including the "Definitions" and "Instructions" contained therein, to the extent they fail to contain a restriction as to the relevant jurisdictions. Without limiting the discovery sought to the Plaintiffs' respective jurisdictions, the Notice is overly broad, unduly burdensome, harassing, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

2.     The Expedia Defendants object to the Notice, including the "Definitions" and "Instructions" contained therein, to the extent they fail to limit the discovery sought to the hotel occupancy taxes at issue. Without such limitation, the Requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3.     The Expedia Defendants object to the Notice, including the "Definitions" and "Instructions" contained therein, to the extent that they seek

information from January 1, 1999 through the present.  By specifying a time period beginning before January 1, 2002, the Notice is overly broad, unduly burdensome, harassing, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

4.      The Expedia Defendants object to Plaintiffs' definition of "You," "Your," and "Expedia" in that they include the Expedia Defendants' "former or current agents, representatives, officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates," thereby making all deposition topics and document requests using those terms vague, ambiguous, overly broad, and unduly burdensome.  Each Expedia Defendant is objecting to the Notice on its own behalf.

5.      The Deposition Notice is not permitted by the terms of the Protocol because the information that it seeks: (a) is duplicative or cumulative of Previous Discovery (as defined in the Protocol) and discovery already produced in this case by the Expedia Defendants; (b) is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence; and/or (c) is subject to the attorney-client privilege or work product doctrine and therefore not subject to discovery.

6.      The Expedia Defendants object to the Notice to the extent that it purports to schedule depositions on a date that they are not able to provide

appropriate corporate representatives and demands that the deponents -- the farthest of whom resides nearly 2,500 miles away in Bellevue, Washington -- travel to Atlanta to appear in the offices of Plaintiffs' counsel.

7.    The Expedia Defendants object to the requests for production of documents contained within the Notice on the grounds that they do not provide the Expedia Defendants adequate time in which to make their responses and objections pursuant to Fed. R. Civ. P. 34.

8.    The Expedia Defendants further object to the requests for production of documents contained within the Notice to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the accountant-client privilege, and/or any other privilege or immunity.  The Expedia Defendants also object to the requests for production of documents as overly broad, unduly burdensome, harassing, oppressive and not reasonably calculated to lead to the discovery of admissible evidence because they fails to specifically identify the documents requested and/or seek documents that have already been produced.

9.    The Expedia Defendants' objections are made without waiving and subject to:  (a) the right to reserve deposition objections, except as to form, until the trial of this matter; (b) the right to object on any grounds, including, but not

limited to, competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose in any subsequent proceeding in this action or any other action; and (c) the right to object, on any ground, to other discovery requests involving or relating to the subject matter of the Notice.

## THE DISCOVERY SHARING PROTOCOL

On August 26, 2009 (D.E. 293), this Court approved the Protocol, pursuant to which the Expedia Defendants produced to Plaintiffs the discovery that they had provided in three other Georgia lawsuits dealing with similar hotel occupancy tax issues (the "Previous Discovery"). In return, the Plaintiffs agreed "to certain measures as a *quid pro quo* for such benefit." Specifically, they agreed to "not propound any other discovery upon Defendants until Plaintiffs first have reviewed the Previous Discovery, *id.* at 2(a), and would only take additional discovery "if such discovery is not redundant or cumulative of the Previous Discovery." *Id.* at 2(b). Moreover:

> If there is a dispute concerning additional discovery, the party seeking discovery may by motion seek appropriate relief from the Court, but only after conferring in good faith with the other party and such motion must so certify. Such additional discovery shall be permitted only if counsel for the plaintiffs certifies that counsel has reviewed the Previous Discovery and establishes to the Court's satisfaction that the information sought is not redundant or cumulative of the Previous Discovery.

*Id.* at 2(c).

If the Plaintiffs decided to take new depositions of any of the Defendants, the Protocol provides that "[a]ny defendant receiving notice of a deposition which it contends is not permitted by the terms of this Order because it is duplicative or cumulative of Previous Discovery shall have five (5) business days from receipt of the notice within which to serve the noticing party with a written objection to the deposition." *Id.* at 3(a). This Objection, served within five days after receipt of the Deposition Notice, constitutes such an objection by the Expedia Defendants in accordance with the Protocol.

Upon Plaintiffs' receipt of this Objection, the Protocol requires that:

> The parties then shall confer concerning the noticed deposition. Absent agreement concerning such proposed deposition, the party seeking the deposition may move the Court for relief with respect to such deposition. Such deposition shall be permitted only if counsel for the plaintiffs certifies that counsel has reviewed the Previous Discovery and establishes to the Court's satisfaction that the information sought is not redundant or cumulative of the Previous Discovery.

*Id.* at 3(a).

To date, however, Plaintiffs have made no showing that they have even reviewed the Previous Discovery, much less demonstrated that their new discovery requests, including the Deposition Notice, do not seek information that is redundant or cumulative of the Previous Discovery. Moreover, they made no

attempt to confer with the Expedia Defendants before e-mailing the Deposition Notice.

For the reasons set out in this Objection, the Deposition Notice should be withdrawn and, if Plaintiffs genuinely believe that additional depositions of the Expedia Defendants are necessary in this case, then their counsel should confer with counsel for the Expedia Defendants in a good effort to craft appropriately limited areas of inquiry and schedule the deposition at a mutually-agreed-upon time and place. If the matter cannot be resolved by agreement, then Plaintiffs should move the Court and make their case for relief with respect to such depositions.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPICS

## I.    Improper Requests for Duplicative or Cumulative Information

The Notice seeks information that is plainly duplicative or cumulative of Previous Discovery and discovery already produced in this case by the Expedia Defendants. The following deposition topics illustrate the cumulative/duplicative nature of Plaintiffs' proposed depositions:

\*    \*    \*

2.    The particularized aspects of your hotel reservation business as it operates (and as it has operated for the last ten years) in each of the named Plaintiff cities and counties.

3.     The amount of money you would owe to Rome and the Other Georgia Municipalities and Counties in back taxes if it is determined that you are/have been legally required to charge, collect, and remit taxes on the total amounts you collect(ed) from consumers (minus the tax recovery charges) going back to January 1, 1999.

4.     The amount of money you would owe to Rome and the Other Georgia Municipalities and Counties in penalties and interest if it is determined that you are/have been legally required to charge, collect, and remit taxes on the total amounts you collect(ed) from consumers (minus the tax recovery charges) going back to January 1, 1999.

5.     The total revenues that you have generated from hotel transactions in Rome and the Other Georgia Municipalities and Counties for each year, from 1999 through present.  This category includes any revenues you have derived (whether direct or indirect), including but not limited to those made through any affiliates.

*   *   *

7.     The total tax recovery charges that you have remitted or paid to hotels in Rome and the Other Georgia Municipalities and Counties for each year, from 1999 through present.

8.     The total revenues obtained for hotel transactions in Rome and the Other Georgia Municipalities and Counties for each year, from 1999 through present, that you have not remitted taxes upon.  In other

words, this topic refers to the total revenues of all of your margins and service fees for which you have not remitted taxes for each of the specified years for hotel transactions involving hotels in Rome and the Other Georgia Municipalities and Counties.

\* \* \*

10. The methods and procedures you have used to calculate, record, and/or remit (to hotels or taxing authorities) "taxes" or "tax recovery charges" concerning hotel transactions for Rome and the Other Georgia Municipalities and Counties, including any aspects unique to Rome and/or the Other Georgia Municipalities and Counties.

11. The similarities and differences in the methods and procedures you have used to calculate, record, and/or remit (to hotels or taxing authorities) "taxes" or "tax recovery charges" for hotel transactions in Rome and the Other Georgia Municipalities and Counties (i.e., between/versus one another), and the similarities and differences in how these methods and procedures operate in Rome and the Other Georgia Municipalities and Counties versus how they operate in municipalities located in other states.

12. The methods and procedures you have used to calculate, record, and/or remit (to hotels or taxing authorities) "fees" or "service fees" concerning hotel transactions for Rome and the Other Georgia Municipalities and Counties, including any aspects unique to Rome and/or the Other Georgia Municipalities and Counties.

13.     The similarities and differences in the methods and procedures you have used to calculate, record, and/or remit (to hotels or taxing authorities) "fees" or "service fees" for hotel transactions in Rome and the Other Georgia Municipalities and Counties (i.e., between/versus one another), and the similarities and differences in how these methods and procedures operate in Rome and the Other Georgia Municipalities and Counties versus how they operate in municipalities located in other states.

14.     The computer software, programs, algorithms, formulas, and/or source code that you have used to calculate the room rates, taxes, tax recovery charges, fees, service fees, and profitability concerning hotel transactions for Rome and the Other Georgia Municipalities and Counties.  [This topic includes any similarities or differences in such computer software, programs, algorithms, formulas, and/or source code for hotel transactions in Rome and the Other Georgia Municipalities and Counties (i.e., between/versus one another), and the similarities and differences in such computer software, programs, algorithms, formulas, and/or source code for transactions in Rome and the Other Georgia Municipalities and Counties versus municipalities located in other states.]

15.     The preparation, interpretation and/or explanation of the computer-generated transactional data that you maintain concerning hotel transactions for Rome and the Other Georgia Municipalities and

Counties, including any aspects unique to Rome and/or the Other Georgia Municipalities and Counties.

16.     The ability to manipulate or perform different types of searches concerning the computer-generated transactional data that you maintain concerning hotel transactions for Rome and the Other Georgia Municipalities and Counties, including any aspects unique to Rome and/or the Other Georgia Municipalities and Counties.

17.     The amount of your revenues, costs, profits/losses, and gross and net margins that you have received for your reservation-facilitation services for hotel transactions for Rome and the Other Georgia Municipalities and Counties.

18.     Communications, if any, that you have had with Rome, the Other Georgia Municipalities and Counties, the State of Georgia, or any other governmental authority on the subject of any potential duties or obligations that you may or may not have to collect or remit hotel occupancy taxes to any taxing authority.

*   *   *

20.     Your document retention policy and your policy regarding the backing up of electronic data, including any efforts you have implemented to maintain documents and data relevant to this lawsuit. This topic includes any unique policies for documents and data relevant to transactions in Rome and/or the Other Municipalities.

\* \* \*

22. The drafting and administration of the Customer Agreements for bookings or reservations in Rome and the Other Municipalities, including any modifications or changes to the agreements within the last ten years and the reasons for any such modifications or changes.

23. Any similarities or differences in the drafting and administration of the Customer Agreements in Rome and the Other Georgia Municipalities and Counties (i.e., between/versus one another), as well as any similarities and differences in such drafting and administration for agreements relating to transactions in Rome and the Other Georgia Municipalities and Counties versus agreements relating to transactions in municipalities located in other states.

\* \* \*

26. Any agreements that you have made with hotels in Rome, in the Other Georgia Municipalities and Counties, and/or in the State of Georgia to indemnify them in the event they are found liable for the payment of hotel occupancy taxes.

\* \* \*

30. The descriptions of your business models that pertain to your business in Georgia, in Rome, and/or in the Other Georgia Municipalities and Counties concerning your reservation-facilitation services for hotels contained in your SEC filings.

31.    Any information provided by you and incorporated, referenced or included in your SEC filings regarding the question of whether you have properly accounted for your transient occupancy tax liability.

32.    Your merchant business model, agency business model, or other business models, including how these models operate and how room prices, taxes, tax recovery charges, fees, service fees and profits are calculated (and have been calculated) for these models in Georgia, in Rome, and in the Other Georgia Municipalities and Counties.

33.    Your business plans, strategic plans, marketing plans, advertising plans, business development efforts, and the like relating to your hotel booking or reservation-facilitation services business in Georgia, in Rome, and in the Other Georgia Municipalities and Counties.

34.    The accounting or financial reporting concerning your hotel booking or reservation-facilitation services business, including any aspects unique to Georgia, Rome, and/or the Other Georgia Municipalities and Counties.

\*    \*    \*

36.    A person who can explain in detail for your hotel reservation transactions in Rome and the Other Georgia Municipalities and Counties:

a.    the manner in which the room rates have been and are calculated;

b. what portion, if any, of the room rates have been and are for "reservation-facilitation services" and the manner in which the amounts of the "reservation-facilitation services" that were or are calculated;

c. for "taxes and service fees," what portion has been and is "taxes" and the manner in which the amount of "taxes" was or is calculated;

d. for "taxes and service fees," what portion has been and is "service fees" and the manner in which the amount of "service fees" was or is calculated;

e. for "taxes and service fees," what portion has been and is "reservation-facilitation services" and the manner in which the amount of "reservation-facilitation services" was or is calculated; and

f. the dollar amounts that have been and will be remitted by you to the hotel or to taxing authorities and a detailed description of the manner in which the hotel occupancy tax amount was or would be calculated.

Information relating to each of these listed areas of inquiry is already available in depositions, pleadings and discovery responses, transactional data and contracts that have already been provided to Plaintiffs. Some of the areas, such as items 3 and 4, also improperly demand that the Expedia Defendants undertake making calculations and performing manipulations of data on behalf of Plaintiffs to assist them in their preparations for this litigation. Such requests to perform calculations, analyze data or perform other tasks that the Plaintiffs are perfectly able to perform fall far outside the proper scope of discovery.

Plaintiffs attempt to circumvent the procedures to which they consented in the Protocol by purporting to limit their information requests to "Rome and other Georgia Municipalities and Counties." Adding these words to duplicative discovery requests does not alter the fact that the Expedia Defendants have already provided the Plaintiffs with all of the data and information that they need to make their own calculations.

## II. Improper Scheduling And Location Of Deposition

The Notice purports to require the Expedia Defendants to produce one or more of their respective corporate representatives for a deposition at the offices of Plaintiffs' counsel in Atlanta at 10:00 a.m. on November 20, 2009. Due to prior commitments, the Expedia Defendants cannot provide knowledgeable corporate representatives on the noticed date.

Moreover, the Expedia Defendants object to the Plaintiffs' attempt to schedule the Rule 30(b)(6) deposition to take place in Atlanta. Expedia is headquartered in Bellevue, Washington; the Hotels.com entities are headquartered in Dallas, Texas; TravelNow is headquartered in Springfield, Missouri; and Hotwire is headquartered in San Francisco, California. "The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." 8A Wright, Miller & Marcus, FEDERAL PRACTICE &

PROCEDURE 2112 (2d ed.).  If Plaintiffs are able to persuade the Court of a genuine need to schedule and take a Rule 30(b)(6) deposition of the Expedia Defendants, then the depositions should be scheduled at a time convenient to the Expedia Defendants and should take place either where the corporate representatives are located or at a mutually agreed-upon location.

## III.     Improper Requests For Irrelevant And/Or Privileged Information

In addition to being duplicative or cumulative, the Notice seeks information that is irrelevant and not reasonably calculated to lead to the discovery of evidence admissible at trial and/or seeks information that is subject to the attorney-client privilege, the account-client privilege, the common interest privilege, the joint defense privilege and/or the work product doctrine.  The following deposition topics are illustrative of the irrelevant and/or privileged nature of the information Plaintiffs seek:

### a)     Requests for Irrelevant Information:

6.     Your market-share in Rome and the Other Georgia Municipalities and Counties vis-à-vis the other online travel companies, including the co-Defendants.  (Or, if you do not know and cannot determine your market share in these specific locations, then your market-share relative to the other online travel companies for the State of Georgia or for the United States.)

* * *

9.  The amount, timing, and reasons for reserves that you have established concerning claims for non-payment or underpayment of transient occupancy taxes in Rome, the Other Georgia Municipalities and Counties, and Georgia (or, if your reserves are not specific to these municipalities or the State of Georgia, those general reserves that you now maintain or have maintained in the past for non-payment or underpayment of transient occupancy taxes).

* * *

24. The drafting, negotiation, and administration of, and compliance with, the Hotel Agreements (for hotels in Rome, hotels in the Other Georgia Municipalities and Counties, and/or with hotel chains that have hotels in Rome and the Other Georgia Municipalities and Counties), including any modifications or changes to the agreements within the last ten years and the reasons for any such modifications or changes.

25. Any similarities or differences in the drafting process, negotiation process, and administration of, and compliance with, the Hotel Agreements in Rome and the Other Georgia Municipalities and Counties (i.e., between/versus one another), as well as any similarities and differences in the drafting process, negotiation process, and administration of, and compliance with, the Hotel Agreements in Rome and the Other Georgia Municipalities and Counties versus the drafting process, negotiation process, and administration of, and

compliance with, the Hotel Agreements in municipalities located in other states.

\* \* \*

35. Any insurance policies or indemnity agreements that you contend cover the claims asserted in this Lawsuit, including any aspects unique to Georgia, Rome, and the Other Georgia Municipalities and Counties.

None of these areas of inquiry relates or has any bearing on whether the Expedia Defendants are "innkeepers" subject to and obligated to collect and remit hotel occupancy tax under the Georgia Enabling Statute and the various local ordinances. Moreover, none addresses the issue of whether any of the private contracts that Expedia has with hotels doing business in Georgia obligate the Expedia Defendants to collect and remit hotel occupancy taxes on behalf of any of the Plaintiffs. The areas of inquiry are thus not reasonably calculated to lead to the discovery of evidence admissible at trial in this case.

**b)** **<u>Improper Requests for Privileged and/or Protected Information</u>:**

In addition, the following areas of inquiry also seek information that is plainly subject to the attorney client privilege and/or the work product protection doctrine:

9. The amount, timing, and reasons for reserves that you have established concerning claims for non-payment or underpayment of transient occupancy taxes in Rome, the Other Georgia Municipalities and Counties, and Georgia (or, if your reserves are not specific to these municipalities or the State of Georgia, those general reserves that you now maintain or have maintained in the past for non-payment or underpayment of transient occupancy taxes).

\* \* \*

19. Any audits of you, including the results of the audits, conducted by Rome, the Other Georgia Municipalities and Counties, or the State of Georgia on the subject of hotel occupancy taxes.

\* \* \*

21. Your efforts in preserving, searching for, and producing documents responsive to Plaintiffs' First Request for Production of Documents.

\* \* \*

27.     All contracts, agreements, understandings, or arrangements between you and any other Defendants in this Lawsuit concerning the booking of hotel rooms or the provision of reservation-facilitation services for hotel rooms in Rome or Other Georgia Municipalities and Counties, including but not limited to the sharing or cross-listing of hotel room inventories or allotments or marketing or advertising arrangements.

28.     Any confidentiality agreement, joint defense agreement, or similar agreement between you and any other Defendant in this Lawsuit or that pertains in any way to this lawsuit.

29.     Any authority that you have given to ITSA or Art Sackler to speak on your behalf as it relates (directly or indirectly) to this Lawsuit and/or your position concerning the issues raised by the various hotel occupancy tax lawsuits.

## IV.     Request For Good Faith Conference

Pursuant to Fed. R. Civ. P. 26(c), counsel for the Expedia Defendants hereby requests that counsel for Plaintiffs, before proceeding with any additional discovery, confer in good faith in an effort to resolve this discovery dispute without the Expedia Defendants having to seek a protective order from the Court. The Expedia Defendants request that such conference take place by no later than November 2, 2009.

Dated:  November 1, 2009

/s/ *E. Kendrick Smith*

E. Kendrick Smith
  (Georgia bar No. 656725)
Robin A. Schmahl
  (Georgia Bar No. 629440)
**JONES DAY**
1420 Peachtree Street, Suite 800
Atlanta, GA  30309
Telephone: (404) 521-3939
Facsimile:  (404) 581-8330
e-mails:     eksmith@jonesday.com
                raschmahl@jonesday.com

- and -

James P. Karen
  (admitted *pro hac vice*)
Deborah S. Sloan
  (admitted *pro hac vice*)
**JONES DAY**
2727 North Harwood Street
Dallas, TX  75201
Telephone: (214) 220-3939
Facsimile:  (214) 969-5100
e-mails:     jkaren@jonesday.com
                dsloan@jonesday.com

*Counsel for Defendants*
*Hotels.com, L.P.; Hotels.com GP, LLC;*
*Hotwire, Inc.; Expedia, Inc.; and*
*TravelNow.com, Inc.*

- and -

Edward Hine, Jr.
  (Georgia Bar No. 355775)
**EDWARD HINE, JR., P.C.**
111 Bridgepoint Plaza
Suite 300, P.O. Box 5511
Rome, GA  30161
Telephone: (706) 291-2531
Facsimile:  (706) 291-1301
e-mail:        ehinejr@bellsouth.net

*Counsel for All Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the within and foregoing

**OBJECTION BY DEFENDANTS EXPEDIA, INC., HOTWIRE, INC.,**

**HOTELS.COM, L.P., HOTELS.COM GP, LLC AND TRAVELNOW.COM,**

**INC. TO PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION** was

electronically filed with the Clerk of Court using the CM/ECF system, which

automatically serves notification of such filing to the following counsel of record:

**Brinson Askew Berry Seigler Richardson & Davis, LLP**
Robert M. Brinson  (bbrinson@brinson-askew.com)
J. Anderson Davis  (adavis@brinson-askew.com)

**Vroon & Crongeyer**
John W. Crongeyer  (jcrongeyer@vclawfirm.com)
Bryan A. Vroon  (bvroon@vclawfirm.com)

**Murray & Murray Co. L.P.A.**
John T. Murray  (jotm@murrayandmurray.com)

**The Law Practice of Kevin A. Ross, LLC**
Kevin A. Ross  (kross@krosspa.com)

**Lamar Archer & Cofrin, LLP**
David W. Davenport  (dwdavenport@laclaw.net)
Robert C. Lamar  (rclamar@laclaw.net)

**The Gordon Law Firm**
Walter J. Gordon  (wgordon@hartcom.net)

**Archer & Lovell, P.C.**
David G. Archer  (dgapc@bellsouth.net)

**Edward Hine, Jr., P.C.**
Edward Hine, Jr.  (ehinejr@bellsouth.net)

**Jones Day**
James P. Karen  (jkaren@jonesday.com)
Deborah S. Sloan  (dsloan@jonesday.com)
E. Kendrick Smith  (eksmith@jonesday.com)
Robin A. Schmahl  (raschmahl@jonesday.com)

**McDermott Will & Emery LLP**
Elizabeth B. Herrington  (eherrington@mwe.com)
Jeffrey A. Rossman  (jrossman@mwe.com)
Lazar P. Raynal  (lraynal@mwe.com)

**Skadden, Arps, Slate, Meagher & Flom LLP**
Karen L. Valihura  (kvalihur@skadden.com)
Celso M. Gonzalez-Falla  (Celso.Gonzalez-Falla@skadden.com)
Ralph K. Herndon, Sr.  (Randolph.Herndon@skadden.com)


This 1st day of November, 2009.

/s/ *E. Kendrick Smith*
E. Kendrick Smith
  (Georgia bar No. 656725)
*An Attorney for Defendants*
*Hotels.com, L.P.; Hotels.com GP, LLC;*
*Hotwire, Inc.; Expedia, Inc.; and*
*TravelNow.com, Inc.*

**JONES DAY**
1420 Peachtree St., Suite 800
Atlanta, GA  30309
Telephone:  (404) 521-3939
Facsimile:   (404) 581-8330