IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **City of Rome, Georgia;** <br> **et al.,** ) <br> ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> ) <br> **Hotels.com, L.P. et al.** ) <br> ) <br> **Defendants.** ) <br> ) | Civil Action <br> File No. 4 05-CV- <br> 00249-HLM |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY

Remarkably, Defendants have moved for yet another delay of this five-year-old case. Plaintiffs oppose Defendants' Motion to Stay Pending the Georgia Supreme Court's Final Ruling on the Underlying Merits of the *Atlanta* Case.[1]

A.   **Introduction.**

This action was filed on November 18, 2005. (Doc. 1). It has been stayed for almost two-thirds (2/3) of its pendency. *See* Order of April 5, 2007 (staying discovery until ruling on defendants' Motion for Summary Judgment Based on Plaintiffs' Failure to Exhaust Administrative Procedures) (Doc. 202); Order of May

---

[1] *City of Atlanta v. Hotels.com, L.P., et al.*, No. 2006-CV-114732 (Fulton Superior Court) (hereinafter the "*City of Atlanta*" case).

10, 2007 (denying without prejudice Defendants' summary judgment motion and staying entire case) (Doc. 214); Order of July 10, 2009 (lifting stay) (Doc. 272); Order of December 15, 2009 (staying case for mediation purposes) (doc. 320). *See also,* Notice of Unsuccessful Mediation Efforts filed October 12, 2010 (terminating stay as per the December 15th Order). Defendants now seek yet another stay.

Delay would particularly be in Defendants' favor in this case as they continue to collect taxes owed to Plaintiffs and to unlawfully retain them. Plaintiffs submit that if any interim relief would be appropriate now, it would be a temporary order requiring Defendants to report and remit to Plaintiffs the taxes they are collecting as required by the clear statement of the Georgia Supreme Court. *See, infra,* at 6-7.[2]

The Defendants' latest delay tactic should be rejected as ill-founded, unnecessary, untimely and prejudicial to Plaintiffs and the putative class.

**B.   Argument and Citation of Authority**

  **1.   A Stay Would Delay This Case For a Long Period of Time.**

Defendants do not offer any estimate as to how long the prayed-for stay of this action would have to remain in place to await a decision of the Georgia

---

[2] This failure and refusal of Defendants is willful. However, Plaintiffs acknowledge that they have not presently requested that the Court provide such interim relief.

2

Supreme Court in the *City of Atlanta* case. However, Defendants do admit that the case has yet to even be docketed in the Supreme Court,[3] and there is no guarantee that the case will ultimately be heard directly by the Georgia Supreme Court.[4] Even assuming, *arguendo*, that an appeal directly to the Supreme Court will be allowed in the *City of Atlanta* case, if history is any guide, the denouement of that appeal process will take well over a year prior to any final decision. In the original *City of Atlanta* appeal, the case was docketed in the Georgia Supreme Court on December 10, 2007, but was not finally decided until March 23, 2009 (reconsideration denied April 9, 2009). Assuming that the Supreme Court accepts

---

[3] *See*, Brief in Support of Defendants Motion to Stay at 2. Plaintiffs' counsel has confirmed with the Supreme Court that the case has not been docketed as of December 2, 2010.

[4] The first appeal in the *City of Atlanta* case (resulting in the Supreme Court decision of March 23, 2009, 286 Ga. 231) first went to the Court of Appeals, which initially affirmed the trial court's decision. *City of Atlanta v. Hotels.com*, 288 Ga.App. 391 (2007). The Notices of Appeal and Cross Appeal filed by the parties in the current *City of Atlanta* case appeal all specify that original jurisdiction lies with the Supreme Court rather than the Court of Appeals because the parties asserted and the trial court ruled upon their claims for equitable relief. *See*, Notices of Appeal attached hereto as Exhibit "A". However, the law is clear that "[a] case in which the grant or denial of equitable relief is only ancillary to the underlying legal issues, or is a matter of routine once the underlying issue of law is resolved, is not an equity case for appellate jurisdictional purposes." *Lee v. Green Land Co.*, 272 Ga. 107, 109 (2000) (dissent citing *Saxton v. Coastal Dialysis & Medical Clinic*, 267 Ga. 177, 178-179 (1996)). In *Lee*, the Supreme Court denied jurisdiction for a suit for specific performance where an underlying legal issue was critical to determination of the right to equitable relief.

the case for direct appeal and it is docketed, we can anticipate that if Defendants' request for stay is granted, this case will be stayed until some time in 2012.

Plaintiffs have asserted that, during the entire time this case has been pending, Defendants have continued to collect and hold taxes owed to the Plaintiffs. Another lengthy delay of resolution of this case will cause Plaintiffs further harm and unjustly enrich Defendants. And, what benefit is alleged to be gained by this Court freezing this action until some time in 2012? Under the most likely scenarios, virtually nothing.

### 2. Defendants Incorrectly Describe Plaintiffs' Causes of Action and Prayers for Relief Herein

In their brief, Defendants simplistically describe the claims asserted by Plaintiffs herein as being solely the statutory claims that Defendants are "innkeepers" and "operators" of hotels in Georgia and thus fall within O.C.G.A. § 48-13-50, *et seq.* (the "Enabling Statute"). Defendants' Brief in Support of Motion to Stay at 1. Defendants also narrowly define Plaintiffs' claim for relief as being simply a prayer for "an unspecified sum of damages in the form of back taxes, interest and penalties." *Id.*

In actuality, Plaintiffs have asserted several specific alternative claims and have requested broad relief in addition to damages in the form of unpaid back taxes. As recognized previously by this Court, in addition to alleging that

4

Defendants are obligated to collect excise taxes pursuant to the Enabling Statute and local ordinances,[5] Plaintiffs have also asserted – and the highest court of this State has recognized – that Defendants have actually <u>collected</u> hotel taxes which they have failed and refused to remit to Plaintiffs:

> The Court finds that Plaintiffs have stated a claim for relief on the grounds that Defendants have failed to properly identify the taxes charged and paid by hotel guests and have not remitted monies collected as taxes to Plaintiffs or the proper government authorities. … **Regardless of whether Defendants operate hotels or are licensed by Plaintiffs to do, Defendants are the entities actually collecting the excise taxes from the hotel guests and, pursuant to O.C.G.A. § 48-13-51(a)(1)(B)(i), those taxes actually collected must be remitted to Plaintiffs**.

Order, May 8, 2006 (Doc. 80) at 12-13 (emphasis added). *See also,* the Court's description of the alternative basis of Plaintiffs' claims. *Id.* at 10.[6]

Moreover, Plaintiffs' requested relief is not limited to the claim for recovery of back taxes and penalties. Plaintiffs have also sought a declaratory judgment (First Amended Complaint, ¶¶ 85-89), imposition of a constructive trust (*Id.,* ¶¶ 82-84), and injunctive relief (*Id.,* ¶ 93). Yet, Defendants' motion and brief focus entirely upon the effect a Supreme Court ruling in the *City of Atlanta* case may

---

[5] *See,* Plaintiffs' Amended and Recast Complaint (Doc. 88) ("First Amended Complaint"), ¶¶ 44-46.

[6] Plaintiffs have also asserted claims for violation of Georgia's Uniform Deceptive and Unfair Trade Practices Act, conversion, and unjust enrichment. First Amended and Recast Complaint (Doc. 88), ¶¶ 69-81.

5

have upon the issue of whether the OTCs are "innkeepers" or "operators" and thus liable for back taxes. Defendants' Brief in Support of Motion to Stay, at 2.

### 3. The Supreme Court's Opinion and Related Appeal in the *City of Atlanta* Case is Not Necessary for Instruction as to Other Issues This Court Will Face in This Case.

The law regarding the Defendant OTCs' responsibilities as alleged third party tax collectors has been well established by the Georgia Supreme Court in *Expedia, Inc. v. City of Columbus,* 285 Ga. 684 (2009) and was followed by the *City of Atlanta* trial court. This Court has certainly recognized the clarity of the law as established by the existing decision:

> The Georgia Supreme Court then held, <u>unequivocally</u>, that under its current arrangement with hotels, Expedia is required to remit any money it has collected as taxes.

Order of July 10, 2009 (Doc. 272), at 13-14 (emphasis added). The Court then specifically held that "<u>regardless of the decision of the trial court on remand in the City of Atlanta case</u>, to the extent Defendants have contractually obligated themselves to collect the excise taxes at issue, Defendants are required to remit that tax to the taxing authorities based on the total amount charged to the consumer, and not the wholesale rate." *Id.,* at 19-20 (emphasis supplied). For that reason, this Court found "that judicial economy will no longer be served by staying this action." *Id.,* at 20. The same finding applies more emphatically now.

6

Even if the Georgia Supreme Court should address the issue of whether the OTCs are "operators" under the Enabling Statute and decide that issue adversely to Plaintiffs, the case would still proceed to trial under Defendants' alternative theories of recovery, including the fact that Defendants have voluntarily inserted themselves into the taxing scheme and actually collected, but failed to remit, taxes. Thus, if a stay were granted, the Court and parties would potentially wait until sometime in 2012 just to possibly eliminate one of five causes of actions asserted by the Plaintiffs herein.

### 4. It Is Unlikely that the Georgia Supreme Court Will Even Address the Issue of Whether the OTCs Are "Innkeepers" or "Operators" Under the Enabling Statute.

The Atlanta trial court (as did the City of Columbus trial court) granted relief to the City of Atlanta on its alternative claim that through their contractual relationships and practices, the OTCs have voluntarily become "third party tax collectors" and have actually collected hotel taxes not remitted to City of Atlanta.

> The Enabling Statutes provides, "[t]he person or entity collecting the tax from the hotel or motel guest shall remit the tax of the governing authority imposing the tax …" O.C.G.A. § 48-13-51(a)(1)(B)(ii). <u>Regardless of whether or not the OTCs are "operators" or "innkeepers", because they undertook to collect the monies earmarks for taxes, they are required to remit tax payment owed to the city pursuant to this provision.</u> *Expedia, Inc.,* 258 Ga. at 689."

Amended Final Order, *City of Atlanta v. Hotels.com, LP*, Superior Court of Fulton County, Georgia, filed July 30, 2010 and attached to Defendants' Motion as Exhibit "A"(emphasis added) (hereinafter referred to as the "Atlanta Order").

Thus, the *City of Atlanta* court found, just as the City of Columbus trial court found, that without regard to whether the OTCs are "operators" under the Enabling Statute and subject ordinances, they are liable for collection and remittance of excise taxes due to their voluntary contractual relationship and practices with the hotels in the Plaintiffs' jurisdictions. It is certainly foreseeable that the Supreme Court considering the current appeal in the *City of Atlanta* case will focus on the contractual obligation of the OTCs to collect taxes and whether they have collected taxes and never even address the issue of whether the OTCs would have been liable as "operators" under the Enabling Statute and ordinances had they not voluntarily inserted themselves into the tax collection process.

That is exactly what the Supreme Court did in *Expedia, Inc. v. City of Columbus, supra,* where the Court declined to interpret the statutory "operator" language, instead focusing upon the trial court's finding of a voluntary assumption of tax collection duties. As noted by the Supreme Court:

> Whether Expedia is a hotel, motel, or innkeeper is inapposite with the purpose of remitting taxes it has actually collected pursuant to O.C.G.A. § 48-13-51(a)(1)(B)(ii). Because the Enabling Statute unequivocally requires a remission of taxes by the "entity" that reports

8

to collected them, Expedia is required to remit tax payment belonging to the city.

*Id.* at 689

Therefore, given past history, it is most likely that the Supreme Court will once again find it unnecessary to determine the OTCs' status as "operators" under the Enabling Statute and ordinances.[7]

### 5. The City of Atlanta Appeal Will Have No Precedential Value in This Case in Any Event.

The current appeal in the *City of Atlanta* case regards the partial grant and partial denial of motions for summary judgment in that case. While the Defendants' motion for summary judgment in the *City of Atlanta* case is available to the public, neither the Plaintiffs in this case, <u>nor even this Court</u>, have any access to the Plaintiff City of Atlanta's motion for summary judgment in the *City of Atlanta* case or the vast majority of the evidence which the trial court considered as to both motions, because they have consistently been filed <u>under seal</u>.[8] Thus,

---

[7] Plaintiffs note that the original Supreme Court opinion in the City of Atlanta case (*City of Atlanta v. Hotels.com, LP*, 285 Ga. 231 (2009) was decided <u>before</u> *Expedia, Inc. v. City of Columbus, supra*, and therefore focused narrowly on the "operator" and "innkeeper" language of the Enabling Statute. The Supreme Court's decision in *Expedia, Inc. v. City of Columbus* made it clear that OTCs may be liable for excise taxes whether or not they are "innkeepers" or "operators" under the statute.

[8] This is a practice which has been severely abused by the Defendants in the Georgia and other cases, depriving Plaintiffs herein of any information of positions

neither the Plaintiffs herein nor this Court have, or will have, any idea as to exactly what Defendants are arguing or what the Atlanta trial judge (or appellate court) reviewed or relied upon in making their findings.

However, one important distinction between the plaintiff in *City of Atlanta* and the Plaintiffs in this case is clear – the City of Atlanta has admittedly never pursued any administrative remedies. Atlanta's claim for back taxes was in fact dismissed for said failure to pursue administrative remedies. *See, City of Atlanta v. Hotels.com, LP, supra* at 233, 236-237.[9] We are all left to speculate what role this important factual distinction played in the trial court's decision.[10]

### 6.  Defendants' Motion is Untimely.

Defendants' Motion is also untimely. Defendants have known for more than four (4) months (since July 2010) about the *City of Atlanta* ruling. Defendants have also known that the proceedings in this case were due to resume since Plaintiffs' counsel contacted Defense counsel almost two (2) months ago (when Plaintiffs requested that the Joint Notice stating that the mediation efforts had

---

taken and evidence cited by Defendants in other cases on the same subject matter. Plaintiffs will address this issue further by separate motion.

[9] The Supreme Court in *City of Atlanta v. Hotels.com, LP, supra,* only reversed the trial court's dismissal of the City of Atlanta's claim for declaratory relief *Id.* at 237.

[10] This may explain why the Atlanta trial court dismissed the City's claim for money had and received finding no demand for payment had been made.

reached an impasse be filed). Defendants knew at the same time that Plaintiffs would be on a short fuse to get their Motion for Class Certification filed. Defendants then waited until a month after Plaintiffs' Motions to Amend the Complaint and Add Parties were filed, and until they knew the time was ripe for the Motion for Class Certification to be filed, to raise their alleged grounds for a stay.

Plaintiffs have now filed their Motion for Class Certification (Doc. 366). Defendants' Response is due in less than thirty (30) days. Depositions in this case are proceeding, with one noticed by Defendants being taken today. *See, e.g.,* Amended Notice of Deposition (Doc. 361). This case is finally moving and should not be delayed again.

### C.   Conclusion

For all the foregoing reasons, Plaintiffs respectfully submit that neither justice nor judicial economy will be served through imposition of another lengthy stay in this case.

[SIGNATURES ON NEXT PAGES]

Respectfully submitted,

        **BRINSON ASKEW BERRY SEIGLER**
        **RICHARDSON & DAVIS, LLP**

    By:   /s/ Robert M. Brinson
           Robert M. Brinson
           GA Bar No. 082900
           City Attorney, Rome, GA
           /s/ J. Anderson Davis
           J. Anderson Davis

P.O. Box 5007
Rome, GA 30162
Telephone: 706-291-8853

        **LAMAR ARCHER & COFRIN, LLP**

    By:   /s/ Robert C. Lamar
           Robert C. Lamar
           GA Bar No. 431175
           /s/ David W. Davenport
           David W. Davenport
           GA Bar No. 205962

50 Hurt Plaza
Suite 900
Atlanta, Georgia 30303
Telephone: 404-577-1777
Facsimile: 404-577-9490

        **CRONGEYER LAW FIRM, PC**

    By:   /s/ John W. Crongeyer
           John W. Crongeyer, M.D.
           GA Bar No. 197267

2170 Defoor Hills Road
Atlanta, Georgia 30318
Telephone: 404-542-6205
Facsimile: 404-872-3745

**THE GORDON LAW FIRM**

By:   /s/ Walter J. Gordon
       Walter J. Gordon
       GA Bar No. 302488
       County Attorney, Hart County
       Georgia

P.O. Box 870
Hartwell, Georgia 30643
Telephone: 706-376-5418
Facsimile: 706-376-5416

**THE LAW PRACTICE
OF KEVIN ROSS, LLC**

By:   /s/ Kevin A. Ross
       Kevin A. Ross
       GA Bar No. 675184

3290 Northside Parkway, Suite 775
Atlanta, Georgia 30327
Telephone: 404-572-6622
Facsimile:  404-572-5909

**ARCHER & LOVELL, P.C.**

By:   /s/ David G. Archer
       David G. Archer
       GA Bar No. 021100
       City Attorney, City of Cartersville,
       Georgia

P.O. Box 1024
Cartersville, Georgia
Telephone: 770-386-1116
Facsimile: 770-382-7484

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| **City of Rome, Georgia;** <br> **et al.,** | ) <br> ) <br> ) <br> ) | |
| **Plaintiffs,** | ) <br> ) | |
| v. | ) <br> ) <br> ) <br> ) | Civil Aaction <br> File No. 4 05-CV- <br> 00249-HLM |
| **Hotels.com, L.P. et al.** | ) <br> ) <br> ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO

STAY with the Clerk of Court using the CM/ECF system, which will

automatically send notification of such filing to all parties at interest:

Ed Hine, Jr.
111 Bridgepoint Plaza
Suite 300, Post Office Box 5511
Rome, Georgia 30161
Email: ehinejr@bellsouth.net

E. Kendrick Smith
Robin A. Schmahl
William T. Maxon
Sean P. Costello
JONES DAY
1420 Peachtree Street
Suite 800

260896

Atlanta, Georgia 30309
E-mails: eksmith@jonesday.com
raschmahl@jonesday.com
wmaxson@jonesday.com
scostello@jonesday.com

James P. Karen
Deborah S. Sloan
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Emails: jkaren@jonesday.com
dsloan@jonesday.com

David F. McDowell
MORRISON & FOERSTER
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013
Email: dmcdowell@mofo.com

Paul E. Chronis
Elizabeth B. Herrington
Purvi G. Patel
Jeffrey A. Rossman
Joshua G. Herman
Lazar P. Raynal
MCDERMOTT, WILL & EMERY, LLP
227 West Monroe Street
Chicago, IL 60606
Email: eherrington@mwe.com

Karen L. Valihura
Michael A. Barlow
Ralph K. Herndon, Sr.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
Post Office Box 636
Wilmington, DE 19899
Email: kvalihur@skadden.com

260896

John D. Pernick
BINGHAM, MCCUTCHEN, LLP
3 Embarcadero Center
San Francisco, CA 94111
Email: john.pernick@bingham.com

David J. Stagman
KATTEN, MUCHIN, ROSENMAN, LLP
525 West Monroe Street
Suite 1600
Chicago, IL 60661
Email: david.stagman@kattenlaw.com

This 3rd day of December, 2010.

/s/Robert C. Lamar
ROBERT C. LAMAR
Georgia Bar No. 431175

260896