UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

CITY OF ROME, GEORGIA, *et al.,*

     Plaintiffs,

v.

HOTELS.COM, L.P., *et al.,*

     Defendants.

Civil Action 4:05-CV-249 (HLM)

## AMENDED AND RESTATED ORDER GRANTING FINAL APPROVAL OF CLASS PARTIAL SETTLEMENT AGREEMENT

The Court has considered whether to order final approval of the partial settlement of the above-captioned action pursuant to the "Class Partial Settlement Agreement" ("Partial Settlement Agreement") filed on or about March 16, 2012, Under Seal [Doc. 591], and May 30, 2012 [Doc. 682], has read and considered all submissions of the parties and their counsel, has granted preliminary approval of the Partial Settlement Agreement on June 5, 2012[Doc. 687], and has directed that notice be given to the Class of preliminary approval of the Partial Settlement Agreement, which includes the right to be excluded from the partial settlement. The Court has also held a Fairness Hearing on August 16, 2012, at which time the Parties jointly requested that the Court enter an order and partial judgment

pursuant to the Partial Settlement Agreement against the Defendants in the Complaint concerning certain prospective relief and Defendants' obligations, rights and duties concerning the payment of Hotel Tax to the Class after May 16, 2011 and going forward. Since the Final Order was entered on August 16, 2012, [D.E.705], the Court has entered a Consent Order supplementing Exhibit A to that order on September 24, 2012[D.E. 714] and the parties have proposed procedures to address newly created municipalities that did not exist at the time this action was concluded and Class Members who opted out because they did not have hotels within their jurisdiction, but who may wish to join the Class in the future and be bound by the Partial Settlement Agreement. The parties also wish to provide for a procedure to amend the Class Report as hereinafter defined. The Court has received no objections to the Partial Settlement Agreement and hereby amends and restates its final order of August 16, 2012 as follows so that all amendments to that order are in this document. Accordingly and for good cause shown:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.    This Order incorporates by reference the definitions in the Partial Settlement Agreement, and all terms as used in this Order shall have the meaning as set forth in the Partial Settlement Agreement. By agreement of the parties, this Order shall be the Order referenced in Exhibit A to the Partial Settlement Agreement.

2.     This Court has jurisdiction over the claims asserted in the Complaint and over the Parties.  Defendants have denied the allegations of the Complaint.

3.     The Court hereby finds that the Class Action Notice, as mailed to the Class by June 8, 2012, fairly and adequately described the proposed Partial Settlement Agreement, the manner in which the Class members could object to or participate in the settlement, and the manner in which the Class members could opt out of the Class; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class members; and complied fully with the Federal Rules of Civil Procedure, due process, and other applicable laws.  The Court finds further that a full and fair opportunity has been afforded to Class members to participate in the proceedings convened to determine whether the proposed Partial Settlement Agreement should be given final approval. Accordingly, the Court hereby determines that all Class members who did not file a proper and timely request to be excluded from the settlement are bound by this final Order.

4.     The Court has considered:   (1) the likelihood of success at trial; (2) the range of possible recoveries; (3) the point on or below the range of possible recoveries at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and degree of opposition to the settlement; and (6) the stage of the proceedings at which the

settlement was achieved, and the Court hereby finds that the Partial Settlement Agreement is fair, reasonable, and adequate as to the Class, Plaintiffs and Defendants, and is the product of good faith, arm's-length negotiations between the parties, and further, that the Partial Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Partial Settlement Agreement, and approves and authorizes the Parties' covenants and undertakings as set forth in the Partial Settlement Agreement, and ORDERS as follows:

A.      Within sixty (60) days of August 16, 2012 [see Doc. 705], all Class Members shall provide a written report to Plaintiffs' Counsel in a format containing: (i) a list of hotels with their physical street addresses in their jurisdictions from and including May 16, 2011 to present; and (ii) the Hotel Tax rate(s) in effect during said time period.

B.      Within ninety (90) days of August 16, 2012 [see Doc. 705],, Plaintiffs' Counsel shall compile (in excel spreadsheet format) the information submitted by the participating Class Members as to the name, physical street address of each hotel, and the applicable Hotel Tax rates in effect in each participating class jurisdiction (the "Class Report") and shall file the Class Report with the Court and serve the same on the Defendants.

C.    Class Members currently without Hotels and newly created municipalities that would otherwise have been a Class Member but for not being in existence at the time the Class was certified  may join the Class by filing with the Court (1) written notice of their desire to be bound by the Partial Settlement Agreement; and (2) a certified copy of the Member's adopted Hotel Tax ordinance; and by providing the information contemplated by Paragraphs A and B of the Final Order to Plaintiffs' counsel, who shall file an Amended Class Report pursuant to the procedure outlined in Par. D of this Order. Once any new Class Member is added to the Amended Class Report, that Class Member shall be deemed to be a Member of the Class and bound by the terms of the Partial Settlement Agreement.

D.    After January 1, 2013, and each quarter thereafter, the Plaintiffs may amend the Class Report  to reflect the addition or deletion of Hotel properties in each class jurisdiction or new Hotel Tax Rates in a class jurisdiction that have been adopted since the last Class Report. Plaintiffs shall serve Defendant's counsel with the changed, modified or amended portion of the Class Report ("Amended Class Report"). With the Amended Class Report, Plaintiffs will provide Defendant's counsel with a redline version of the report or other summary highlighting the changes in the Class Report. The Amended Class Report shall be effective for the first full month beginning thirty (30) days after the filing of the Amended Class Report. Defendants may rely on the accuracy of the Amended Class Report, and as long as

their payments of the Incremental Tax is based upon the information contained within the Amended Class Report, they will be deemed in compliance with this Order.

E.   On or before the Payment Commencement Date, Defendants shall pay into the registry of the Court, designated as the Rome Hotel Incremental Tax Fund (the "Incremental Tax Fund"), an initial lump sum corresponding to the Incremental Tax for all Hotel Occupancies occurring after May 16, 2011 through the month ending after the Class Report is filed, plus taxes in breakage transactions as defined and directed by the Court in its Order of July 9, 2012 [Doc. 696] ("Breakage Tax), plus interest accrued at the Agreed Interest Rate, provided that each Defendant is only responsible for the payment of Incremental Tax, Breakage Tax and interest for Hotel Occupancies for which the reservations were facilitated by that particular Defendant.

F.   On or before the twentieth (20th) day of the next month and of each month thereafter, until otherwise ordered by the Court, each Defendant shall continue to pay into the Incremental Tax Fund a sum corresponding to the Incremental Tax and Breakage Tax for all Hotel Occupancies occurring during the preceding calendar month, provided that each Defendant is only responsible for the payment of Incremental Tax and Breakage Tax for Hotel Occupancies for which the reservations were facilitated by that particular Defendant. Any Defendant that

ceases to make payments into the Incremental Tax Fund because it is no longer collecting Hotel Tax and/or applicable tax charges from travelers shall promptly so notify Plaintiffs' counsel.  Plaintiffs reserve their rights to adjudicate whether a Defendant that ceases making payments into the Incremental Tax Fund remains subject to the payment of Incremental Tax or Alternative Incremental Tax.  The Parties shall attempt to resolve in good faith any dispute concerning a Defendant's obligation to continue to make payments into the Incremental Tax Fund.

G.     Concurrent with the payments set forth in Paragraphs 4. C and D. above, Defendants shall file with the Court and serve upon Plaintiffs' Counsel (or their authorized designee) the Summaries of Incremental Tax Paid, in an excel spreadsheet format containing the information as set forth in Exhibit "A" hereto and the filing of same shall act as a certification by Defendants that the Summaries accurately report all Hotel Occupancies in Plaintiffs' jurisdictions facilitated by Defendants on behalf of themselves or any Affiliate in the world during that subject time period.

H.     Should the Court at any time find that the actual tax base upon which Hotel Tax should have been calculated was/is the Alternative Base Rate, and such finding is affirmed or allowed to stand after all appeals, if any, are exhausted, then the Defendants shall make a lump sum payment into the Incremental Tax Fund within thirty (30) days of such final ruling equal to the difference between the

Alternative Incremental Tax and Incremental Tax for all Hotel Occupancies (and/or Breakage transactions if so ordered by the Court) occurring after May 16, 2011 and the date of such payment, plus interest accrued thereon at the Agreed Interest Rate, and shall thereafter adjust the monthly payments to reflect the Alternative Incremental Tax Amount due, provided that each Defendant is only responsible for the payment of Alternative Incremental Tax and interest for Hotel Occupancies for which the reservations were facilitated by that particular Defendant.

I.      In the event that Plaintiffs dispute the amount any Defendant pays into the Incremental Tax Fund, or question the tax information reported, Plaintiffs shall first give written notice to the Defendant to attempt to informally resolve the issue. The Defendants shall be given an opportunity to cure any deficiency within 15 days of receipt of written notice from Plaintiffs.  Any such requests shall be administered by a representative for the Class.  Similarly, in the event that a Defendant claims that it made overpayments to the Incremental Tax Fund, that Defendant shall notify the Plaintiffs, through their Counsel, to attempt to informally resolve the issue being raised and to allow Plaintiffs to refund any such overpayments within 15 days of receipt of written notice from the Defendant demanding such.  A good faith disagreement as to the amount of Incremental Tax

or Breakage Tax due at any given time shall not, in and of itself, constitute a breach or contempt of this Final Order.

5.    The Court also hereby approves and authorizes Plaintiff Class Members' agreements and covenants as set forth in the Partial Settlement Agreement, as follows:

A.    Provided that Defendants timely perform the commitments as set forth in Paragraph 4 above, all claims for Current and Prospective Excise Taxes and Interest, Penalties and attorneys' fees thereon regarding Hotel Occupancy Transactions have been satisfied and Class Members shall not sue the Defendants or commence any proceeding for any claims for Current and Prospective Incremental Taxes and Interest, Penalties and attorneys' fees for said Hotel Occupancy Transactions. For purposes of this covenant, Defendants are deemed to include, individually and collectively, as appropriate, Defendants and their successors-in-interest, including but not limited to, all of their respective parents, subsidiaries, joint ventures, partnerships, related companies, affiliates, controlled entities, assignees, distributors, retailers, unincorporated entities, divisions, groups, present or former directors, officers, members, agents, employees, representatives, administrators, insurers, indemnitees, and attorneys. Should any of the Defendants fail to meet their obligations as set forth in the Partial Settlement Agreement, and thereafter fail to address and/or cure any alleged deficiencies within 15 days after

receiving written notice from Plaintiffs, then Plaintiffs may pursue their claims for Current and Prospective Excise Taxes, together with applicable penalties, interest and attorneys' fees arising from said deficiencies, against that defaulting Defendant or Defendants, but not against any non-defaulting Defendants, provided that each Defendant will only be responsible for the payment of Incremental Tax, penalties, interest and attorneys' fees (or, to the extent provided in Paragraph 5.D above, Alternative Incremental Tax) for Hotel Occupancies and Breakage Tax  for which the reservations were facilitated by that particular Defendant.

6.     There being no objection to Plaintiffs' request that a $2,500.00 service award be paid to each named Plaintiff out of the Incremental Tax Fund and the Court having found that the named Plaintiffs diligently served as representatives of the Class in the litigation to date, the Court GRANTS Plaintiffs' request for payment of a $2,500.00 service award to each named Plaintiff to be paid out of the Incremental Tax Fund.

7.     There being no objection to Plaintiffs' request that Plaintiffs' Counsel be awarded reasonable attorneys' fees and expenses to be paid out of the Incremental Tax Fund and the Court having considered Plaintiffs' request and particularly the expenses advanced, the complexity and length of the litigation, the expertise and experience of Plaintiffs' Counsel, the tremendous amount of time and effort expended and the results obtained, the Court ORDERS that Plaintiffs'

Motion for Attorneys Fees is GRANTED, and that Plaintiffs' counsel shall receive out of the initial lump sum payment of Incremental Tax Fund $202,769.47 in expenses and 33 1/3% of the lump sum payment plus 33 1/3% of the Current and Prospective Incremental Tax and Breakage Tax payments received through 12/31/2020 or until an amount equal to $9,000,000.00 is paid in fees, whichever occurs first, said sums to be disbursed as designated by Plaintiffs' counsel at the same time and manner as Current and Incremental Tax and Breakage Tax payments to Class Members.

Additionally the Court ORDERS that Plaintiffs' Counsel may recover its expenses incurred in administering the settlement and Incremental Tax Fund, from the Incremental Tax Fund payments hereinafter.[1] Plaintiffs' Counsel may petition the Court for an award of the remaining historic expenses from the Incremental Tax Fund at a later time.

8.     All parties are bound by this Final Order and Judgment and by the Partial Settlement Agreement.

9.     Without affecting the finality of the Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties and their counsel, including all Class Members and their counsel with respect to the

---

[1] The Court may review the expense requests and payments, should a dispute arise.

execution, consummation, administration, implementation, effectuation and enforcement of the Partial Settlement Agreement and this Order.

10.     In the Order dated July 9, 2012, the Court, among other rulings, granted Plaintiffs' Motion for Partial Summary Judgment as to Plaintiffs' claims for taxes in breakage transactions occurring after May 16, 2011[Doc. 696], and taxes on these amounts shall be paid according to the Partial Settlement Agreement.

11.     This Final Order and Judgment shall not prejudice the Parties' rights to continue to litigate (including any appeal) all issues regarding (i) Defendants' alleged obligation to pay Hotel Taxes, damages, interest, penalties, and attorneys' fees to the Class for hotel room transactions that were booked through a Defendant within the Class jurisdictions prior to and including May 16, 2011; (ii) whether the Plaintiffs are entitled to additional recoveries based on the "fee" or "service fee" component of Defendants' separately stated "taxes and fees" charged after May 16, 2011; (iii) whether the Plaintiffs are entitled to additional recoveries based on Breakage as defined in the Partial Settlement Agreement; and (iv) Defendants' right to appeal the Court's Order of July 9, 2012 granting the Plaintiffs summary judgment on their claims for taxes in breakage transactions after May 16, 2011.

12.     This Final Order and Judgment, pursuant to Fed. R. Civ. P. 54(b), as to one or more but fewer than all the claims of this lawsuit shall be considered

final, separate and apart (bifurcated) from the Court's Order, dated July 9, 2012

[Doc. 696], and the Court's Order, dated August 8, 2012 [Doc. 701].

IT IS SO ORDERED, this 25 day of _____ 2012.

_____
Honorable Harold L. Murphy
UNITED STATES DISTRICT JUDGE

Amended Order prepared by:

/s/Edward Hine, Jr.
GA Bar No. 355775
Attorney for the Defendants

Consent to Entry:
/s/ J. Anderson Davis
J.ANDERSON DAVIS
Ga. Bar No. 211077
Attorneys for Plaintiffs

Amended Exhibit A     The Summary of Incremental Tax paid will be in an excel spreadsheet format from which the following information can be derived. Each OTC Defendant filing a Summary of Incremental Tax shall provide Plaintiffs' Counsel a key to interpret the Summary of Incremental Tax.

(1)     Name, Address of Hotel inclusive of Street, City and Zip Code

(2)     Dates of Hotel Stays

(3)     Room Rate

(4)     Gross charges to Consumer inclusive of all Taxes, Service fees and other charges

(5)     Taxes and service fees charged to consumer

(6)     Net Rate

(7)     Amounts remitted to Hotels inclusive of tax recovery charges

(8)     Hotel Tax Rate

(9)     Incremental Tax paid with filed Summary of Incremental Tax

(10)   In addition to items (1) through (9) above, in Breakage Transactions (defined by the Court as "any transaction where a Defendant retains amounts collected from consumers as a result of the consumer not utilizing a reservation at a hotel facilitated by a Defendant using the merchant model or as a result of the hotel failing to timely charge or invoice for a hotel stay facilitated by a Defendant using the merchant model" [S.J. Order p. 82]), after the time has expired for the Hotel to charge or invoice, the OTCs will provide a list of Breakage Transactions.    For each such Breakage Transaction, the OTC will provide information as to the "retail rate" defined by the Court as "(i) the wholesale rate [net] rate, and (ii) the 'mark-up' or 'margin' added on the wholesale [net] rate." (S.J. Order p. 7).   Additionally, the OTCs will provide information as to the incremental Tax already paid for those transactions, if any, and then the additional tax due